UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEAN M. SOLIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No: 4:14CV1023 HEA |
| | ) |
| ANGELA MESMER, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] on June 2, 2014. On July 25, 2014, Respondent filed her Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. #4]. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons delineated below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

**Procedural Background**

On June 4, 2012, Petitioner was convicted by jury of Attempt to Manufacture a Controlled Substance. The Circuit Court of Crawford County trial court, on July 17, 2012, sentenced her to a sentence of 18 years in the Missouri

Department of Corrections. The Missouri Court of Appeals, Eastern District of Missouri, affirmed her conviction. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentence.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on June 2, 2014. Petitioner alleges that 1) the trial court erred in overruling her motion to suppress and in admitting the evidence at trial, because evidence was obtained pursuant to an allegedly unreasonable search and seizure; 2) the state failed to present sufficient evidence to prove each element of the offense.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003).

**Discussion**

Petitioner's conviction was affirmed by the Missouri Court of Appeals. In that appeal she asserted the evidence was insufficient to prove that she had knowledge of the presence and nature of the items seized from her vehicle and storage unit and that she did not have possession of these items. This position was soundly rejected by the Missouri Court of Appeals. The Court found there was sufficient evidence for a reasonable juror to find Solis committed the crime of attempting to manufacture methamphetamine. *Solis,* 409 S.W.3d at 594-95.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), requires that the state court's adjudication of a claim on the merits is provided with substantial deference. *Williams v. Roper,* 695 F.3d 825, 830 (8th Cir. 2012). Relief is only permissible under AEDPA if the state court's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Id.* AEDPA allows federal habeas courts to exercise only a "limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). "[A] federal court may not issue the writ simply because it concludes in its independent judgment that the state court applied clearly established federal law

erroneously or incorrectly. Rather that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). In determining whether the state court's decision was unreasonable application of clearly established federal law, this Court must examine the ultimate legal conclusion reached by the state court not merely the statement of reasons explaining the state court's decision. *Roper,* 695 at 831. State courts are not required to cite to, or even be aware of, applicable federal law so long as the state court decision does not contradicts them. *Early v. Packer*, 537 U.S. 3, 8 (2003).

A state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. *Jackson v. Virginia,* 443 U.S. 307, 323 (1979). State court factual findings are presumed to be correct. 28 U.S.C. §2254(d). The presumption applies to factual findings made by the appellate court. *Smith v. Jones,* 923 F.2d 588, 590 (8th Cir. 1991). In addition, state court findings may not be set aside unless they are unsupported by the record. *Sumner v. Mata,* 449 U.S. 539, 547-49 (1981).

The question then becomes "whether, after reviewing the evidence in light of the most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319. Here, the Missouri Court of Appeals identified the standard for determining claims of sufficiency of the evidence as articulated in *Jackson* and

applied state law in determining whether there was sufficient evidence to support Solis's conviction. *See Solis,* 409 S.W.3d at 593. Under *Turner v. Armontrout,* 845 F.2d 165, 168 (8th Cir. 1988), the elements of the offense are controlled by state law.

In this regard the Missouri Court of Appeals reviewed the statutory context of Petitioner's conviction and the applicable State law jurisprudence likewise applicable. There was a focused review of Missouri law relating to the concept of constructive possession, which was the manner of possession applicable to the Petitioner. As a consequence of its detailed review the Court concluded:

> Given the evidence of additional incriminating factors, and disregarding all evidence and inferences to the contrary, we find there was sufficient evidence from which a reasonable jury could conclude Solis had constructive possession of all the methamphetamine-related items seized, which are commonly used to manufacture methamphetamine, and was aware of the presence and nature of their use. Therefore, the evidence was sufficient for the jury to conclude Solis had committed a substantial step toward the manufacture or production of methamphetamine. Solis's claim in Point II regarding the sufficiency of the evidence to convict her is denied

*Solis,* 409 S.W.3d at 594-95. The decision of the Missouri Court of Appeals was well-planted in law and fact and not "contrary to," nor did it involve an "unreasonable application of," clearly established federal law. 28 U.S.C. §2254(d)(1). Petitioner bears the burden of establishing that the state court's factual determinations are erroneous by clear and convincing evidence. *Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001); *Williams v. Armontrout,*

912 F.2d 924, 930 (8th Cir. 1990) (en banc).Petitioner has failed in her burden to demonstrate how the state court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Id.* at §2254(d)(2).

As to her second claim, Petitioner claims the evidence against her was obtained in an unconstitutional search and seizure and as a consequence the trial court erred in denying her motion to suppress and allowing this evidence to be admitted.

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). A search and seizure claim is cognizable in a habeas action only if "the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system." *Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (en banc).

The State of Missouri provided Petitioner with vehicles to present her Fourth Amendment claims, and she took advantage of these opportunities to present her claims. Petitioner has failed to demonstrate that the state courts failed to afford her a full and fair opportunity to litigate her Fourth Amendment claim.

There is no evidence that an unconscionable breakdown in the system prevented Petitioner from raising the claim. Following the logic of *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997) the court is not empowered to examine the trial court's denial of the Fourth Amendment issues.

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 25th day of May, 2017.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE